United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EVEDARDO MENENDEZ,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-06302 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Evedardo Menendez's Petition for Writ of Habeas Corpus challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"), which has now surpassed fourteen months. For the reasons that follow, the Court GRANTS the petition as to his due process claim, and orders his release from custody.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of El Salvador who entered the United States sometime in 1996 and was granted temporary protected status by USCIS in 1999. Dkt. No. 9 at 8; Dkt. No. 1 at 5. He has lived in the United States for the last twenty-seven years.

Between 2003 and 2022 he had several criminal encounters, including an arrest in 2003, an assault conviction in 2006, a drug-related arrest in 2007, and an arrest for driving without a valid license in 2022. Dkt. No. 9 at 8. Based on the record before the Court, Petitioner has not had any further criminal issues since his last arrest in 2022.

Petitioner came to the attention of the Department of Homeland Security ("DHS") following his 2022 arrest. Petitioner was transferred to ICE custody following his arrest, after

which he was placed in removal proceedings and then released from immigration custody. *Id*. at 7–8. Petitioner was ordered removed by the Immigration Court on April 11, 2024, and he timely appealed that decision to the Board of Immigration Appeals ("BIA"). *Id*. at 17–20. ICE, again, chose not to detain Petitioner following the Immigration Court's 2024 ruling. Dkt. No. 10 at 3.

Instead, Petitioner was re-detained by ICE in July 2025. Dkt. No. 1 at 5. What led to his re-detention is not made clear in the current record. However, it appears he was not given notice that his prior release was to be revoked, nor was he informed that any circumstances had changed since his release in 2022 necessitating his re-detention.

In April 2026, Petitioner filed for habeas relief in the Middle District of Florida, where he had previously been detained. *See* Dkt. No. 9 at 22. The District Court judge granted relief in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), entitling him to a bond hearing. *Id*. at 13–14. The court, however, did not consider the due process argument that Petitioner was entitled *pre*-deprivation process prior to revocation of his prior release. The court ordered bond hearing was held on July 20, 2026 in Immigration Court, with the immigration judge ("IJ") finding that Petitioner was a flight risk. *Id*. at 25. Notably, the IJ did not deny release based on a finding of dangerousness or that any circumstances had changed since his previous release in 2022 or the entry of his 2024 removal order.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

United States District Court
Eastern District of California

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his re-detention violates his right to due process. Respondents oppose relief, arguing that Petitioner received due process through the July 2026 bond hearing and that he must exhaust his administrative remedies by appealing the bond denial to the BIA before seeking habeas relief. *See* Dkt. No. 9 at 2–4. The Court first addresses exhaustion before turning to the merits of Petitioner's due process claim.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). As the Ninth Circuit has stated:

> Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

An exception applies with respect to Petitioner's due process claim. "[C]ontrary to Respondents' contention that Petitioner has merely challenged the [immigration judge's] 'erroneous factual determinations and evidentiary errors,' [citation] the basis for the Petition is a claimed deprivation of constitutional due process." *Rufino Ligario Hernandez v. Mark Wayne Mullin, et al.*, No. 5:26-CV-00585-JAK-ADS, 2026 WL 846037, at * 7–8 (C.D. Cal. Mar. 24, 2026) (excusing prudential administrative exhaustion as futile). Specifically, that Petitioner was

United States District Court
Eastern District of California

entitled to process *before* he was arrested and detained to determine whether there were any changed circumstances since his prior release from immigration custody which necessitated his re-detention. *See* Dkt. No. 1 ¶¶ 62–63. "Because this claim is not within the jurisdiction of the [BIA], requiring administrative exhaustion would be futile." *Rufino Ligario Hernandez*, 2026 WL 846037, at *8; *Yero v. U.S Gen. Att'y*, No. 1:26-CV-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) (excusing exhaustion requirement where due process claim alleged Petitioner was entitled to notice and pre-deprivation process prior to his re-arrest by ICE). Accordingly, Petitioner did not need to appeal his bond denial to the BIA before seeking habeas relief.

**B. Due Process**

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**1. Liberty Interest**

[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Accordingly, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal.

2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities in 2022, and further allowed to remain at liberty when he was ordered removed in 2024, Petitioner has obtained a liberty interest in his continued freedom.

**2. *Mathews* Factors**

As Petitioner has a protected liberty interest, the Court must next determine what process was due before the Government could terminate his liberty. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation … and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Petitioner's favor. First, Petitioner has a significant private interest in his continued release from custody. Petitioner was released by the Government and living at liberty for nearly three years prior to his re-detention. During that time, Petitioner was allowed to continue living at liberty while his removal order was considered on appeal.

Second, the risk of erroneous deprivation is high when, as here, Petitioner's release was revoked without any showing of changed circumstances at the time of his arrest by ICE. *See Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025). "While the Ninth Circuit concluded that a post-detention bond hearing generally satisfies due

process for the detention of a noncitizen pending removal proceedings pursuant to 8 U.S.C. § 1226(a), it did not foreclose 'as-applied due process challenges to § 1226(a).'" *Perez Bueno v. Janecka*, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022)). At Petitioner's belated bond hearing in July 2026, the IJ did not make any finding that circumstances had changed since the Government's initial decision to release him in 2022. Indeed, nothing in the record supports the conclusion that Petitioner had become a flight risk—which is why the IJ denied bond—since his 2022 release. He appears to have complied with his removal proceedings, and the Government chose not to detain him in 2024 when he was ordered removed. Where the Government "fails to provide any sort of notice regarding the reason for a person's detention, and fails to provide a pre-deprivation hearing" demonstrating changed circumstances since the individual's prior detention and release, "the risk of erroneous deprivation is high." *Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (finding due process violation where Government failed to provide *pre*-deprivation process, even though Petitioner had received a belated bond hearing).

Finally, "the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is 'low.'" *Salazar*, 2025 WL 3063629, at *5. Respondents have not provided the Court with any information regarding the burden, if any, that additional process may place on the Government if the Court orders pre-deprivation process. In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but its interest in doing so without a hearing and making a finding of changed circumstances is low. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

As the Government failed to make any showing of changed circumstances at a pre-deprivation hearing before re-detaining Petitioner, the revocation of his prior release was a violation of his due process rights.

United States District Court
Eastern District of California

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing at which the Government will bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community if not detained.

4. This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 9, 2026

EDWARD J. DAVILA
United States District Judge